UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**GARRY NEIL PRATER**               :          CIVIL ACTION NO. 12-cv-397

**VERSUS**                          :          JUDGE TRIMBLE

**WARDEN, TERREBONE PARISH
WORK RELEASE, ET AL**               :          MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Petitioner Garry Neil Prater filed the instant petition for writ of habeas corpus on February 10, 2012. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is housed at the Terrebone Parish Work Release Center in Houma, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons discussed herein, it is recommended that the petition be **DENIED.**

### Background

Petitioner was arrested by the DeRidder Police Department on July 5, 2008, and at that time he was on parole supervision for the offenses of distribution of cocaine and marijuana,.[1] He was booked into the Beauregard Parish jail on July 7, 2008. Parole revocation proceedings were initiated. Petitioner deferred his right to a preliminary hearing and agreed to postpone his final parole revocation hearing before the Parole Board until the charges had been disposed of. On July 18, 2008, the Parole Board ordered his return to custody.

---

[1] The background facts discussed herein are, in part, a summation of those found in *Prater v. Lowe* and *Prater v. Ortego*, 2010 WL 5465306 (La. App. 1 Cir. 12/22/10).

On November 5, 2008, petitioner pled guilty to three of the July 5, 2008, charges. He was sentenced to 180 days in the Beauregard Parish jail with 150 days of the sentence suspended and with credit for time served.

A revocation hearing was held on January 21, 2009, at which time petitioner again pled guilty to violating the conditions of his parole. Petitioner's parole was revoked.

On February 19, 2009, petitioner sought judicial review of the Parole Board's revocation decision in the Nineteenth Judicial District Court of Louisiana. Petitioner filed a second petition for judicial review on April 13, 2009. The district court consolidated the two petitions for judicial review.

A commissioner for the district court reviewed the parole revocation record and recommended that the petitions be dismissed, stressing that at the revocation hearing petitioner pled guilty to parole violations. It was found that petitioner's guilty plea for marijuana possession made him ineligible for the ninety-day revocation sentence for technical violators, and it was further found that petitioner failed to show a due process violation in the revocation process or that the Parole Board's decision to revoke his release on parole was an abuse of discretion. The district court agreed with the commissioner's findings and affirmed the Parole Board's revocation decision.

Petitioner appealed the decision of the district court and the First Circuit Court of Appeal affirmed the judgment of the district. On January 13, 2012, the Louisiana Supreme Court denied petitioner's writ application. Petitioner now seeks habeas relief.

**Law and Analysis**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Summary dismissal is appropriate where the allegations of the petition are "vague [or] conclusory," "palpably incredible," or "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977). The petition must set out specific, substantive facts that enable the district court to determine that there is a real possibility that constitutional error has been committed. *Aubut v. State of Maine*, 431 F.2d 688 (1st Cir. 1970). And summary dismissal is warranted "where [the] "pleadings indicate that petition can prove no set of facts to support a claim entitling him to relief." *Williams v. Kullman*, 722 F.2d 1048, 1050.

The petition raises four grounds for relief. These grounds, quoting from plaintiff's complaint, are as follows:

(1) The Parole Officer Lee Hubbard is malfeasance in office. Parole officer Lee Hubbard let paroles out on drug charges And I got revoke by the board on a drug charge under Title 40 And Lee Hubbard was the parole officer over these parolee. On Jan. 2009 there was a drug raid these paroles got caught with drugs.

(2) Petitioner Due Process Rights were violated when the Petitions were consolidated on June 23, 2009, with invidious discrimination in violation of the Fourteenth Amendment. On June 23, 2009 my (2) petitions I file was consolidated without me knowing, and I had file them separate concerning the inmates or parolees were let out on drug charges, which is a violation.

(3) The Defendants is in violation of mandatory statutory provision which violates Constitutional rights his parole. Because this matter could have been resolve at a lower court level because the parole officer was letting drug offender out of jail, then you revoke for the same thing.

(4) Petitioner Eight Amendment Rights were violated by Cruel and Unusual Punishment. Since petitioner has misdemeanor charges, he can apply for a rehearing every (6) months, petitioner applys for a rehearing every (6) months, but the parole board never response to his re-hearing application. This is a form of retaliation for filing the petition for Judicial Review against the other paroles. This need to be investage of why the board have not responded to petitioner re-hearing application in (2) two years.

Doc. 5, pp. 5, 7, 8, 10.

We are unable to discern any logical set of facts or claims for relief in plaintiff's complaint.  This court extends considerable effort with *pro se* petitions to understand the plaintiff's complaint, recognizing that these litigants are not attorneys; however, this court is under no duty to speculate or imagine what the plaintiff's claims may be.  See *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Tex. 1990), aff'd 929 F.2d 697 (5th Cir. 1991).  Finding plaintiff's claims to be nonsensical, fanciful, and delusional, we recommend dismissal of these claims.  See *Denton v. Hernandez*, 112 S.Ct. 1728 (1993).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. §

2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 20th day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE